**In re D.O. & W. COAL COMPANY, Debtor.**

**Bankruptcy No. 7-87-00058-BKC-HPB.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Dec. 9, 1988.

John M. Lamie, Browning, Morefield, Lamie & Sharp, Abingdon, Va., for debtor.

James J. Vergara, Jr., Vergara & Associates, Hopewell, Va., for United Mine Workers of America.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Chief Judge.

The sole issue before the court is whether the court retains authority to act pursuant to 11 U.S.C. § 1113 to enforce its previously issued orders modifying a collective bargaining agreement when the agreement has since expired by its own terms.

The pertinent facts are as follows: D.O. & W. Coal Company, Inc., ("debtor") filed a petition under Chapter 11 of the *Bankruptcy Code*, § 1101, *et seq.*, on January 14, 1987. At the time of the filing, debtor was a party to a collective bargaining agreement with its employees, represented by the United Mine Workers of America, District 28 ("UMWA").

Pursuant to 11 U.S.C. § 1113(e), debtor thereafter filed a motion seeking modification of the collective bargaining agreement, a reduction in employee wages and relief from making payments into the employees' health and retirement trust fund as provided for under the agreement. Upon hearing, the court issued an Order on April 27, 1987, reducing employee wages by 10 percent hoping that it would help to alleviate debtor's financial burden and allow it to remain in business.

In September, 1987, debtor petitioned the court for additional relief. After assessing debtor's financial position, the court entered two Orders on September 25, 1987. The first Order relieved debtor from making its contractual contribution to the employees' pension fund on the condition that the employees' unpaid medical bills be paid with the savings. To maintain the morale of the workers during these difficult times, the second Order provided for a production bonus if a specified amount of coal was mined each month. It also directed that all employees, whether active, retired or dis-

abled, continue to receive health insurance benefits as set forth in the collective bargaining agreement.

The collective bargaining agreement expired by its own terms on January 31, 1988. Debtor continued to operate, however, paying its employees the wages in accordance with the court's modification Order.

Debtor petitioned the court for further relief on March 17, 1988. After maturely considering debtor's motion, the court declined the request. It was the court's opinion that orders heretofore entered were sufficient modifications to enable debtor to remain in business. After a further hearing on debtor's request for relief, however, the court issued an Order approving debtor's elimination of payments into the employees' pension fund.

The UMWA subsequently filed a motion on June 14, 1988, to hold debtor in contempt for failing to comply with the previously entered orders of the court.

11 U.S.C. § 1113(e) gives the court the power to authorize modifications in the "terms, conditions, wages, benefits, or work rules provided by the collective bargaining agreement" if such modifications are essential to the continuation of the debtor's business or to avoid irreparable damage to the debtor's estate. 5 *Collier on Bankruptcy*, ¶ 1113.01 at 1113–12 (15th ed. 1988). The question that arises in the present case is whether orders issued by the court modifying the collective bargaining agreement remain in effect after the agreement has expired.

It is debtor's position that once the collective bargaining agreement expired, the court's previous orders modifying the agreement are no longer in effect. The UMWA, on the other hand, contends that the court retains the authority to enforce its previously issued orders even though the collective bargaining agreement has expired.

Debtor primarily relies on *In re Sullivan Motor Delivery, Inc.*, 56 B.R. 28 (Bankr.E. D.Wis.1985), and *Gloria Manufacturing Corporation v. International Ladies' Garment Workers Union*, 734 F.2d 1020 (4th Cir.1984) to support its position.

In *Sullivan Motor*, the collective bargaining agreement expired before the debtor filed its Chapter 11 petition. The debtor-in-possession subsequently filed a motion pursuant to 11 U.S.C. § 1113(e) for interim relief. The court held that § 1113 is only activated when there is an unexpired collective bargaining agreement in existence.

The case presently before the court is significantly different from *Sullivan Motor* in that an unexpired collective bargaining agreement was in existence when this court issued orders providing for interim relief. As a result, the court's orders issued pursuant to 11 U.S.C. § 1113(e) were appropriately entered.

Debtor also cites *Gloria Manufacturing*, a Fourth Circuit case which predates the enactment of 11 U.S.C. § 1113, for the proposition that even if the collective bargaining agreement expired after the filing of a Chapter 11 petition once the agreement expired, there would be nothing left for the court to modify.

The situation considered by the bankruptcy court in *Gloria Manufacturing* was similar, but not identical, to the situation currently before this court. The court in *Gloria Manufacturing* did not issue any orders modifying the relationship between the union and the company before the collective bargaining agreement expired. Consequently, the Fourth Circuit's review did not address the issue of whether a bankruptcy court retains the authority to enforce its previously issued orders after the agreement had expired. Therefore, *Gloria Manufacturing* does not govern the facts here presented.

■ A collective bargaining agreement does not extend beyond its termination date. It is well established, however, that even after the expiration of a collective bargaining agreement the respective parties have a continuing duty to bargain in good faith toward reaching a new agreement. *National Labor Relations Act* §§ 7, 8(a)(1), 8(a)(5), 10(f) as amended by 29 U.S.C. §§ 157, 158(a)(1), 158(a)(5), 160(f). *See also NLRB v. Sky Wolf Sales*, 470 F.2d

**456**

827 (9th Cir.1972); *Hinson v. NLRB,* 428 F.2d 133 (8th Cir.1970). Until an impasse in negotiations is reached, the terms and conditions of the expired agreement remain in effect and the employer is prohibited from instituting unilateral changes in employee benefits. *Producers Dairy Delivery Co., Inc. v. Western Conference of Teamsters Pension Trust Fund,* 654 F.2d 625 (9th Cir.1981); *Sky Wolf, supra; Hinson, supra.*

■ While the collective bargaining agreement was still in effect, the court modified the terms of the agreement in the hope that it would allow debtor to remain in business. The court's orders became, in effect, part of the collective bargaining agreement. To accede to debtor's position and terminate the court's previous orders would not only violate debtor's duty to maintain the terms and conditions of the expired agreement during negotiations but would also be counter-productive to debtor's reorganization. If the court's orders were no longer in effect, it is assumed that the original terms of the collective bargaining agreement would be applicable. Debtor would therefore not be entitled to the 10 percent reduction in employee wages and other savings which the court had previously ordered.

Where a collective bargaining agreement has expired during litigation involving it, the courts have jurisdiction to enforce the rights of the parties under the agreement. *United Steelworkers of America Local Union No. 4264 v. New Park Mining Co.,* 273 F.2d 352, 358 (10th Cir.1959). The court therefore concludes that it does retain authority to act pursuant to 11 U.S.C. § 1113 after a collective bargaining agreement has expired when it has previously issued orders modifying the agreement.

The court accordingly sets this Motion down for further hearing on *January 11, 1989, at 10:00 A.M. at the U.S. Courthouse, Big Stone Gap, Virginia,* and it is so

ORDERED.